UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE and LEBRON JAMES, <br><br> Defendants. | Case No. 1:17-cv-1390-LJO-BAM <br><br> **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSIAL OF PLAINTIFF'S COMPLAINT** <br><br> FOURTEEN DAY DEADLINE |

On October 16, 2017, Plaintiff Raul Garza filed a complaint in this action. On October 24, 2017, the Court granted Plaintiff's application to proceed informa pauperis. Plaintiff's complaint is currently before the Court for screening.

**I.   Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227- 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The

1

critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin,* 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, the court need not accept as true allegations that are fanciful, fantastic or delusional; such allegations are by definition frivolous. *Neitzke*, 490 U.S. at 327

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff's complaint is short and plain. Plaintiff alleges that on September 25, 2017, thirty-two National Football League ("NFL") team owners violated his constitutional rights when the owners allowed the players on their respective football teams "to commit acts of treason" by kneeling during the national anthem. In Plaintiff's view, these acts of treason shown by the NFL demonstrate that the league and its players are ready to take up arms against the United States of America.

In his second cause of action, Plaintiff alleges that on September 25 and 26, 2017, NFL

players, staff and employees failed to prevent any other player, staff or employee from committing acts of treason. On September 26, 2017, Cleveland Cavaliers basketball player LeBron James committed treason by stating "Not no one man runs this Country, and its sure in hell not him President Trump." According to Plaintiff, "this gives reason to believe Lebron James is some leader for the NBA to support NFL acts of treason or is connected to an espionage to sabotage US allegiance to citizens."

Because his "right to feel free and safe from U.S. enemys [sic] in U.S. territorys[sic]" has been compromised, Plaintiff seeks "punitive damages" in the amount of "$20 billion dollars and injunctive relief in the form of an F.B.I. investigation into possible terrorist ties or connections."

### III. Discussion

For the reasons discussed below, Plaintiff cannot state a cognizable claim for relief and his complaint should be dismissed.

**1. No Private Right of Action**

In three counts, Plaintiff attempts to bring suit for treason. Treason, a criminal statute, is defined by 18 U.S.C § 2381, which provides "[w]hoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States."

Private individuals lack standing to assert claims for relief based on criminal statutes. *See Linda R.S. v. Linda D*., 410 U.S. 614, 619 (1973) ("[I]n American Jurisprudence ... a private citizen lacks a judicially cognizable interest in the prosecution of nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In *Grajeda v. Bank of America, N.A*., 2013 WL 2481548 (S.D. Cal. June 10, 2013), the court dismissed claims predicated on criminal statutes, and explained:

> Generally, criminal statutes do not confer private rights of action, and thus any party asserting such a private right bears the burden of establishing its existence. Here, 'all such claims must be dismissed because Plaintiff has provided no authority or argument supporting his implicit contention that he may maintain a private right of action under th[ese] criminal statute[s].' Moreover, '[i]t is well settled that a private

3

citizen may not use the courts as a means of forcing a criminal prosecution' and thus 'an individual may not bring criminal charges against someone by filing a Complaint in this Court."

*Grajeda*, 2013 WL 2481548, at *2 (internal citations omitted).

Here, Plaintiff's exclusively asserts claims based on criminal statutes, and Plaintiff cannot establish a private right of action for any of them because Plaintiff lacks standing to bring his claim for treason under 18 U.S.C. § 2381. Further, even if Plaintiff could show that a private cause of action exists for his claims of treason (which he cannot), Plaintiff fails to allege how Defendants violated this statute, and offers only circular conclusions that there were violations. Therefore, Plaintiff's criminal claims should be dismissed.

While there are undoubtedly other issues associated with Plaintiff's complaint that preclude him from bringing this action in this Court, based on the issues above, the Court finds dismissal of the current Complaint appropriate. Furthermore, the Court will not grant Plaintiff leave to file an amended complaint. Plaintiff's complaint not only lacks merit, but it is also completely frivolous and "cannot possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV. Conclusion and Recommendation**

Plaintiff's complaint fails to state a cognizable claim. The deficiencies in Plaintiff's complaint cannot be cured by amendment, and thus leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice for failure to state a cognizable claim for relief pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 12, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE